10525

ATLANTA CASKET CO. v. OUZTS.

(105 S. E. 844.)

FRAUDS, STATUTE OF—CONTRACT OF SALE HELD WITHIN STATUTE.—A con tract for the sale of goods is within Civ. Code 1912, secs. 3737, 3738, where the statement for an order for goods was written by the seller's salesman several days after his conversation with the buyer and out of the buyer's presence, and where the subsequent letters of the buyer did not refer to the goods as ordered through the seller's salesman.

Before SEASE, J., Greenwood, April term, 1920. Reversed.

Action by Atlanta Casket Co. against John L. Ouzts. From judgment for plaintiff, the defendant appeals.

*Messrs. Grier, Park & Nicholson,* for appellant, cite: *Sufficiency of writing to take it out of the statute of frauds:* 27 S. C. 348; 2 S. C. Eq. (3 DeS.) 171; 14 S. C. L. (3 McC.) 457; 86 S. C. 80; 29 S. C. 533; 25 S. C. L. (Cheves) 68; 106 S. C. 7; 13 Rich. Eq. 250; 28 S. C. Eq. (7 Rich.) 378; 73 Ga. 400; 54 Am. Rep. 879; 100 Ga. 645; 62 Am St. Rep. 345; 43 Me. 158; 69 Am. Dec. 54; 35 N. J. 338; 10 Am. Rep. 243; 95 U. S. 289; 24 L. Ed. 496; L. R. A. 1916a, 1297; 95 S. C. 489.

*Messrs. Tillman & Mays,* for respondent, cite: *Case is governed by 29 S. C. 533.*

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was a suit on account. The defendant interposed the defense of the statute of frauds. The cause was tried at the April term of Court for Greenwood county, 1920, before Judge Sease, and a jury, and resulted in a verdict in favor of plaintiffs for $634.70, and after entry of judgment defendant appealed.

The exceptions, three in number, raised but one point, whether or not the case came under the provisions of sections 3737 and 3738 of Civil Code, commonly known as the statute of frauds. If it did, then his Honor was in error in not directing a verdict in favor of the defendant, which was asked for; if not, then the verdict must stand.

The plaintiffs depend upon letters of defendant written them by defendant on September 25 and October 8, 1919, and contend that the case is on all fours with the case of *Louisville Asphalt Varnish Co. v. Lorick & Lowrance,* 29 S. C. 533, 8 S. E. 8, 2 L. R. A. 212.

We do not think so. That case was decided upon the peculiar facts of that case, and a casual reading might infer that it had practically nullified the statute of frauds; but a study of the case shows quite a different state of facts, in that case to the case at bar. In the case relied on Moore gave the order, which was immediately entered by the salesman. In the case at bar, Ouzts had a conversation with the salesman, but the salesman made no effort to make out a detailed statement for the order until four or five days afterwards, and then not in the presence of Ouzts; nor was there the slightest evidence to show that Ouzts ever confirmed the detailed statement. In the Lorick & Lowrance case the defendant used the language. "Ordered through your salesman." That case alludes to and uses these words. In the correspondence between Ouzts and the plaintiffs no such words are used. There are no such words at all in the letters that allude to or use at all the words order or ordered.

Under the facts proven, in this case, to allow the verdict to stand would be practically to make way with and nullify the statute of frauds. His Honor was in error in not directing a verdict for the defendant.

The exceptions are sustained, and judgment reversed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent on account of sickness.